CLD-222                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4081
_____

UNITED STATES OF AMERICA

v.

AMOS SINGLETON,
a/k/a Aziz Mahadi a/k/a Aziz Hankerton

Amos Singleton,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-11-cr-00076-001)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: April 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amos Singleton appeals the District Court's order denying his amended motion for a new trial as untimely. For the reasons below, we will summarily affirm the District Court's order.

In June 2012, Singleton was convicted of conspiracy to commit robbery that interferes with interstate commerce, robbery that interferes with interstate commerce, use of a firearm during a crime of violence, and being a convicted felon in possession of a firearm. He was sentenced to 360 months in prison. In July 2012, defense counsel filed a motion for judgment of acquittal or a new trial. In April 2013, Singleton sought to file a pro se supplemental motion for a new trial. The District Court struck the pro se motion because Singleton was represented by counsel but advised counsel he could request to file a supplemental motion if he felt it was necessary. Defense counsel did not file a supplemental motion. The District Court subsequently denied the counseled motion for a new trial.

In May 2014, we affirmed the District Court's denial of the counseled motion for a new trial. United States v. Singleton, 565 F. App'x 108 (3d Cir. May 1, 2014). Singleton's petition for a writ of certiorari was denied by the Supreme Court in October 2014. In August 2015, Singleton filed a pro se motion for a new trial pursuant to Fed. R. Crim. P. 33. He argued that newly-discovered evidence showed that the Government used fraudulent documents to establish federal jurisdiction over the robbery.[1] The

---

[1] Singleton raised similar arguments in a motion filed pursuant to 28 U.S.C. § 2255 which is pending before the District Court.

District Court denied the motion without prejudice to Singleton filing an amended motion explaining what evidence was newly-discovered, how it could not have been discovered earlier with the exercise of due diligence, and whether he could show excusable neglect for his late filing of the motion.

Singleton filed an amended motion for a new trial. He argued, in relevant part, that he could not file his motion for a new trial earlier because he was represented by counsel and his pro se motion was struck. The District Court denied the amended motion as untimely, and Singleton filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's order for an abuse of discretion. United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003). Rule 33 allows for a motion for a new trial to be filed within three years of a verdict if based on newly discovered evidence or within fourteen days if based on any other reason. Fed. R. Crim. P. 33(b). A district court may extend this time pursuant to Fed. R. Crim. P. 45(b)(1)(B) if the failure to timely file is because of excusable neglect. Factors considered in making this equitable determination include the length and reason for the delay, whether the movant had control over the delay, and whether the movant acted in good faith. See In re Cendant Corp. PRIDES Litig., 234 F.3d 166, 171 (3d Cir. 2000).

Singleton argues that he was unable to file his motion while he was represented by counsel. He stated that he learned in December 2014 that he was no longer represented by counsel. However, he still waited until August 2015, over eight months later, to file

his motion for a new trial.  Singleton has not shown that this lengthy delay was somehow out of his control.  Moreover, as noted by the District Court, Singleton did not explain why he could not have discovered the purportedly new evidence before trial.  The District Court did not abuse its discretion in denying the motion for a new trial.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.