DLD-115                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4058
_____

AMOS J. SINGLETON,

Appellant

v.

LIEUTENANT ROBINSON; WENDY SHAYLOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:14-cv-02382)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

January 26, 2017
Before: CHAGARES, VANASKIE, and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 15, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Amos J. Singleton appeals the District Court's dismissal of his second amended complaint and denial of his motion for reconsideration. We will summarily affirm.

Singleton is a Pennsylvania state prisoner currently housed at SCI Benner Township. He was involved in a robbery, which led to a guilty plea to state charges, and a jury conviction of various federal charges. Singleton's appeal of the federal conviction was unsuccessful. See United States v. Singleton, 565 F. App'x 108 (3d Cir. 2014). Singleton then brought a civil rights suit in the District Court in April 2014 based on events surrounding the alleged destruction of legal papers involved with his challenges to his convictions. Through court-appointed counsel, Singleton filed an amended complaint in February 2015 and a second amended complaint in July 2015. Singleton raised a First Amendment access to the courts claim and a First Amendment retaliation claim. Count I alleged that defendants Lieutenant Robinson and John Doe No. 1, who were prison personnel at SCI Graterford, destroyed legal materials that were essential to Singleton's challenges to his criminal convictions. Count II alleged that Wendy Shaylor, the SCI Graterford Grievance Coordinator, retaliated against Singleton by having him transferred to another prison after he filed a grievance concerning the destruction of his legal materials. The defendants filed a motion to dismiss for the failure to state a claim upon which relief could be granted.

The District Court dismissed Count II with prejudice because Singleton failed to plausibly allege a retaliation claim, but held the motion to dismiss Count I in abeyance. Count I included allegations that Robinson and Doe had destroyed a Bureau of Alcohol, Tobacco, and Firearms (ATF) report concerning a .38 Beretta that was evidence in his federal case. The District Court therefore concluded that it should not rule on the motion to dismiss Count I until the ATF report became available.

After the parties produced the ATF report and provided it to the District Court, Singleton's appointed counsel moved to withdraw from the representation on the ground that, in light of the contents of the ATF report, they could no longer prosecute Count I without violating the rules of professional conduct. The District Court then dismissed Count I with prejudice.

The District Court concluded first that Singleton could not show the denial of access to the courts with regard to his state criminal case because the allegedly destroyed documents did not have a meaningful connection to any non-frivolous potential challenge to his state convictions. In particular, the documents at issue pertained to whether Singleton's arrest was valid, not Singleton's guilt or innocence, and did not inform whether Singleton's guilty plea on the state charges was knowing and voluntary.

The District Court then concluded that no non-frivolous challenge to the federal convictions had been lost, either. Among other things, the District Court observed that the contents of the ATF report did not, in fact, undermine the other firearms-record

3

evidence that was introduced in Singleton's federal case. The District Court rejected Singleton's unsupported allegation that the ATF report was manipulated or falsified, and concluded further that the evidence against Singleton in his federal trial was so overwhelming that even a favorable ATF report would not have changed the outcome of a challenge to the federal conviction.

Singleton then moved for reconsideration of the dismissal of his complaint, purportedly on the ground that he had new evidence of wrongdoing concerning the alleged falsification of the ATF report. Singleton requested that the District Court assist him with obtaining what he called an ATF Trace Report, which he said differed from the ATF report that the District Court had considered. As Singleton had already made essentially this same argument in opposition to the dismissal of his complaint, the District Court denied the motion for reconsideration.[1] This appeal followed.

Our review of the District Court's dismissal order is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 31-32 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] Singleton had also filed a third amended complaint that named two new defendants in place of John Doe. As the allegations were otherwise the same substantively as those in the second amended complaint, the District Court denied leave to amend as futile.

(2009) (quoting and citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556, 570 (2007)). "Determining whether a complaint states a plausible claim to relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679. When considering a motion to dismiss, we construe a pro se plaintiff's pleadings liberally. <u>See</u> <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).

We review a district court's order denying a motion for reconsideration for an abuse of discretion. <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999). A district court should be "loathe to [reconsider its decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." <u>Lesende v. Borrero</u>, 752 F.3d 324, 339 (3d Cir. 2014) (quotation marks and citation omitted). "The scope of a motion for reconsideration . . . is extremely limited[,]" and should "be used only to correct manifest errors of law or fact or to present newly discovered evidence." <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011). "New" evidence is evidence that could not have been submitted to the court earlier because it was not previously available, not merely evidence submitted following an adverse court ruling. <u>Id.</u> at 415-16.

We may summarily affirm a District Court's order if the appeal presents no substantial question, <u>see</u> 3d Cir. LAR 27.4; I.O.P. 10.6, and we may rely on any ground that the record supports, <u>see</u> <u>Hughes v. Long</u>, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

5

Here, there is no substantial question that Singleton's complaint failed to state a claim, largely for the reasons explained by the District Court.  See Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (holding that a pro se complaint must still meet Iqbal's plausibility standard).  Singleton's access to the courts claim was properly dismissed because he did not plead adequately that he suffered an "actual injury"—such as the loss of an opportunity to file a particular nonfrivolous claim—as a result of the alleged destruction of his legal materials.  See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  Even construed liberally, Singleton's complaint plead insufficient facts to set out how the legal materials that Singleton said he lost could have had any impact on his challenges to his convictions in state or federal court.  Singleton's retaliation claim fares no better, as he did not plead facts sufficient to allege that the grievance that he filed concerning the destruction of his legal materials was a substantial or motivating factor in the decision to transfer him to another prison facility.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Nor did Singleton plead nonconclusory allegations or produce any evidence that could show that the government falsified any evidence, which was the basis for his motion for reconsideration.[2]  It was therefore not an abuse of discretion for the District Court to deny the request for reconsideration of the complaint's dismissal.

---

[2] We note that the trial judge for Singleton's federal conviction in the District Court denied a second motion for a new trial that Singleton filed pro se in August 2015, which raised similar allegations of government use of fraudulent documents, albeit on timeliness

Consequently, for the above reasons and for the reasons set forth in the District Court's opinions, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.

---

grounds rather than on the merits.  <u>See</u> <u>United States v. Singleton</u>, 639 F. App'x 158, 159 (3d Cir. 2016).